J-A21044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :             PENNSYLVANIA
                                           :
                   v.                      :
                                           :
                                           :
JOHN TAYLOR HOVATTER         :
                                           :
            Appellant            :      No. 1368 EDA 2020

Appeal from the Judgment of Sentence Entered June 9, 2020
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003051-2019

BEFORE:   KUNSELMAN, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:         **FILED SEPTEMBER 15, 2021**

     Appellant John Taylor Hovatter appeals from the judgment of sentence entered in the Court of Common Pleas of Bucks County on June 9, 2020, following a negotiated guilty plea. We affirm.

     On April 6, 2019, Appellant, then an 81-year-old man,[1] was arrested and charged by the Middletown Township Police Department with Aggravated Indecent Assault of a Child, 18 Pa.C.S.A. § 3125(b); Unlawful Contact with a Minor -- Sexual Offense, 18 Pa.C.S.A. § 6318(a)(1); Aggravated Indecent Assault-- Complainant Less than 13 Years Old, 18 Pa.C.S.A. § 3125(a)(7); Corruption of Minors -- Defendant Age 18 or Above, 18 Pa.C.S.A. §

---

[*] Former Justice specially assigned to the Superior Court.
[1] Appellant's date of birth is May 6, 1937. He was 82 years of age when he pled guilty and is currently 84 years old.

6301(a)(1)(ii); and Indecent Assault of Person Less than 13 Years of Age, 18 Pa.C.S.A. § 3126(a)(7).

The aforementioned charges arose as a result of a report received on January 16, 2019, from a nine-year-old female victim that she had been sexually assaulted by Appellant in her home.[2] Appellant, who had befriended the victim's family through his church in 2015, began to visit the victim's parents frequently and often watched television alone with the victim during those visits.

In January of 2019, the victim became distressed and disclosed to her parents that Appellant "had touched her private parts, making a hand motion over her genitals." Following a forensic interview, the victim confirmed that at times when she had been alone in the living room with Appellant, he would ask her to sit on his lap or next to him on the couch, and he would touch her on her vagina and anus. Appellant admitted he "did put [his] hand on the young lady over her clothes," but he stressed there was no penetration. N.T. 12/10/19, at 22-25.

On June 5, 2019, Appellant waived his right to a hearing and all charges were bound over for trial. On December 10, 2019, Appellant entered a negotiated plea of guilty to one count of Indecent Assault of a Person Less than 13 Years of Age. The trial court granted the Commonwealth's request to

_____

[2] The victim's date of birth is May 8, 2009.

*nolle pros* all remaining counts of the Information and also agreed not to invoke the twenty-five-year mandatory minimum sentence applicable to the offense. N.T. 12/10/19, at 9-10.[3]

Instead, Appellant was to be sentenced to a period of incarceration of not less than two (2) nor more than five (5) years. ***Id***. Appellant also was advised of his registration and notification requirements as a Tier III offender under the Sexual Offender Registration and Notification Act ("SORNA").[4] N.T. 12/10/19, at 21.

At Appellant's request, sentencing was deferred and scheduled for February 20, 2020, to enable him to undergo an oral surgical procedure. N.T. 12/10/19, at 10. Claiming he still had not fully recovered from the surgery, Appellant sought and was granted a further continuance until April 6, 2020. On June 9, 2020, the trial court imposed the negotiated sentence of incarceration in a state correctional institution for not less than 2 years nor more than 5 years. Appellant was permitted to self-surrender on July 15, 2020, at 9:00 a.m.

On July 8, 2020, Appellant filed a counseled "Emergency Motion to Stay Sentence" and attached numerous medical reports thereto. Pursuant to this Court's directive of August 3, 2020, the trial court issued its "Statement"

---

[3] Appellant has a prior 1986 conviction for Indecent Assault (18 Pa. C.S.A. § 3126) which also involved a child complainant. Accordingly, he was facing a mandatory minimum sentence of twenty-five (25) years of incarceration.
[4] 42 Pa.C.S.A. §§ 9799.10-9799.41.

setting forth its reasons for denying Appellant's motion to stay execution of his sentence on September 2, 2020. Therein, the trial court observed that the medical records did not include a certification of authenticity or other documentation, nor was there a summary of treatment or diagnosis of Appellant's condition. Also, there were no resumes or curricula vitae of any doctor. Notwithstanding, the trial court reviewed the records after which it noted the following:

1. The primary basis for the Emergency Motion was a diagnosis of peripheral vascular disease by Dr. James McGuckin;

2. This condition was originally diagnosed by Dr. McGuckin on February 28, 2020 at which time Appellant did not want to have an arterial intervention and claimed he would return in six months;

3. Appellant also saw Dr. Youssef Kabbani on April 24, 2020 to have his toenails trimmed. At that time, Dr. Kabbani noted Appellant had moderate peripheral vascular disease;

4. On June 26, 2020, Appellant saw Dr. Kabbani for another toenail trimming. He was fully ambulatory with street shoes and was walking without any assistive devices (cane); and

5. Dr. Kabbani, on behalf of Appellant, made an appointment at that time (June 26, 2020) for Appellant to have an arteriogram on July 14, 20202 with Dr. McGuckin.

We interacted with Appellant on December 10, 2019 and June 9, 2020. On both occasions, he claimed to have extreme difficulty hearing and appeared very unsteady on his feet. He was not able to walk or stand without the assistance of a cane. At those times, we believed he was overstating, or exaggerating his condition. After review of the aforementioned medical records, we believed the exaggeration was continuing. Appellant is an 83 year old man with the health issues of a person his age. But, these health issues did not prevent him from committing this crime when he was 81 years of age. Nor

should they prevent him from serving the sentence he negotiated.

Trial Court Statement filed 9/2/20, at 2.

The trial court denied Appellant's emergency motion, and Appellant filed his notice of appeal on July 9, 2020.  On July 24, 2020, Appellant filed another "Emergency Motion to Stay Sentence" with this Court.  Following our review of the Motion, the Commonwealth's answer thereto, and the trial court's statement, we denied  the Motion in a *Per Curiam* Order entered October 14, 2020.

Prior thereto, on July 30, 2020, the trial court had directed Appellant to file a concise statement of matters complained of on appeal, and Appellant complied on August 14, 2020.  The trial court did not file a separate opinion pursuant to Pa. R.A.P. 1925(a) addressing the claims Appellant raised in his concise statement.

In his brief, Appellant presents the following claims for our review:

1. Is the current version of the SORNA statute unconstitutional, as applied to [Appellant], and is it illegal to impose a lifetime registration requirement upon him after his release from prison?

2. Is the current version of SORNA, Act 10 of 2018 (H.B. 631), reenacted by Act 29 of 2018, P.L. 140 (H.B. 1952), unconstitutional and therefore, should not be the registration requirement be applied to [Appellant]?

3. If the court does not invalidate [Appellant's] sentence on an "as applied basis", or find that the statute is unconstitutional, should imposition of this statutory sentence be stayed pending the decision in Commonwealth v. Torsilieri, -- A.3d --, 2020 WL

3241625 (Pa. June 16, 2020), which may find Section H of the new SORNA law unconstitutional?

Brief for Appellant at 2.

A challenge to the constitutionality of a statute presents this Court with a question of law, and our review is plenary. A statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably, and plainly violates the constitution. Thus, the party challenging the constitutionality of a statute bears a heavy burden of persuasion. *Commonwealth v. Howe*, 842 A.2d 436, 441 (Pa.Super. 2004).

Appellant raises his related issues for the first time on appeal. Therefore, before we reach the merits of Appellant's claims, we first must determine whether he has properly preserved them for our review.

"[C]onstitutional issues, including sentencing issues based upon the constitution, are waived if they are not properly raised in the trial court." *Commonwealth v. Howe*, 842 A.2d 436, 441 (Pa.Super. 2004); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Indeed, this Court recently concluded that a defendant waived numerous constitutional arguments concerning whether Revised Subchapter H creates "an irrefutable and irrebuttable presumption against the offender" by failing to raise the claims in the trial court. *See Commonwealth v. Reslink*, , --- A.3d ----, ---- – ----, 2020 WL 7415959, at *3-*4 (2020).

In **Reslink**, the appellant was convicted following a jury trial of indecent assault of a person less than 13 years of age, endangering the welfare of a child, corruption of minors, and criminal attempted indecent assault, and he was sentenced accordingly. Appellant did not file a post-sentence motion. **Id**. at *1.

On appeal, the appellant raised a challenge to the constitutionality of Revised Subchapter H of SORNA/Act 10 on the grounds that it "creates 'an irrefutable presumption against the offender,'" and violates "federal and state constitutional prohibitions against cruel and unusual punishment." **Id**. at *3. This Court found that the appellant had waived the constitutional issue because he had failed to raise it "before the trial court, in a motion to bar application of SORNA, or in post-sentence motions." **Id**. at *4.

In reaching this decision, we noted that it "is well-settled that issues not raised before the trial court cannot be advanced for the first time on appeal." **Id**. (citing Pa.R.A.P. 302(a)). The fact that the appellant raised a constitutional claim did not alter this Court's analysis. **See id.** (citing **In re F.C. III**, 2 A.3d 1201, 1212 (Pa. 2010)) (finding appellant's constitutional claims waived where he failed to raise them before the trial court, depriving that tribunal of the opportunity to consider and rule on them); **see also Commonwealth v. Howe**, 842 A.2d 436, 441 (Pa. Super. 2004) ("[C]onstitutional issues, including sentencing issues based upon the constitution, are waived if they are not properly raised in the trial court.").

As the Commonwealth argues herein, Appellant failed to raise his constitutional challenges to SORNA, or any other objection, before the trial court at the time of his guilty plea although the trial court advised him of his registration requirements as a Tier III offender under Revised Subchapter H. Moreover, Appellant raised no objection at the time of his sentencing, nor did he file any motions either before or after his negotiated guilty plea or before or after sentencing challenging SORNA's constitutionality.

To the contrary, his trial counsel stated that "[Appellant] is aware of what is going on, understands that Your Honor has just sentenced him and wanted it to go that way today, for the reasons I stated before." N.T. Sentencing, 6/9/20, at 12-13. Thus, we find he has waived his first two issues.

When considering Appellant's third claim, we acknowledge the Pennsylvania Supreme Court's decision in **Commonwealth v. Torsilieri**, -- A.3d --, 2020 WL 3241625 (Pa. June 16, 2020). Therein, our Supreme Court was faced with addressing the constitutionality of the provisions in Revised Subchapter H that are applicable to non-SVPs. The defendant had been convicted of aggravated indecent assault and indecent assault and claimed that SORNA II was unconstitutional on its face by creating an irrebuttable presumption that all sexual offenders pose a high risk of recidivism. *Id.* at 572-573. The defendant argued that the presumption that all sex offenders are dangerous and pose a high risk of recidivism, necessitating registration,

was not supported by current research and threatens public safety by preventing the re-integration of offenders as law-abiding citizens. *Id.* The trial court agreed, finding the registration provisions of Revised Subchapter H unconstitutional based largely on the scientific evidence the defendant had advanced at the hearing. *Id.* at 574-575. The Commonwealth appealed that determination directly to our Supreme Court.

However, our Supreme Court did not reach the merits of any of the constitutional claims at issue on appeal after determining that the factual record had not been sufficiently developed below. The Court remanded for further development of the record and to allow the parties to address whether Revised Subchapter H amounts to criminal punishment. *Id.* at 587-588.

As previously stated, in *Reslink* this Court held that constitutional claims like those raised in *Torsilieri* are waivable. This Court recently reached the same conclusion in *Commonwealth v. Snyder*, 251 A.3d 782, 794-95 (Pa.Super. 2021), when the defendant raised his challenge to Revised Subchapter H for the first time on appeal and styled his claims as a challenge to the legality of his sentence. *Id.* at 795 n.11 (stating "[w]e read *Reslink* for the limited proposition that constitutional claims for relief directed at Pennsylvania's sexual offender registration regime that concern the presumption of recidivism discussed in *Torsilieri* are subject to waiver under Rule 302(a), regardless of whether that claim sounds in legality of sentence.").

We find **Reslink** and **Synder** are dispositive of this issue. Here, Appellant raises similar constitutional challenges for the first time on appeal that our Court found waived in those cases. Because he did not present these challenges to the trial court in the first instance, they are waived, and this cannot be cured by a stay of the reporting requirement portion of his sentence pending our Supreme Court's decision in **Torsilieri**.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/15/2021*